UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHILISA RHODES**<br>1234 Southern Avenue, SE<br>Apartment #103<br>Washington, D.C. 20032<br><br>   Plaintiff,<br><br>vs.<br><br>**UNITED STATES OF AMERICA**<br>**Serve:** Ronald C. Machen, Jr., United States<br>   Attorney for the District of Columbia<br>Office of the United States Attorney for<br>The District of Columbia<br>Judiciary Center, 555 4th Street, N.W.<br>Washington, D.C. 20530<br><br>   and<br><br>**Serve:** Eric H. Holder, Jr., Attorney General<br>of the United States<br>United States Department of Justice<br>950 Pennsylvania Ave., N.W.<br>Washington, D.C. 20530<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

(Medical Malpractice)

Plaintiff, Shilisa Rhodes, sues the above-named Defendant, stating as follows:

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 1356(b)

and 2671, *et seq.* All necessary conditions precedent have been fulfilled and, therefore,

1

Plaintiff is entitled to maintain this action in this Court at this time.

2. Pursuant to the Federal Tort Claims Act, all conditions precedent to the institution of this action against the United States of America have been met. *See* 28 U.S.C.A. § 2675(a). On or about September 19, 2011, the Plaintiff presented claims to the U.S. Department of Health & Human Services. The U.S. Department of Health & Human Services has failed to issue any determination of Plaintiff's Claim. The six-month mandatory administrative waiting period has expired, which exhausted the federal administrative process. Accordingly, the Plaintiff may now sue the United States of America in this Court.

3. The administrative claim gave notice to defendant of Plaintiff's intention to pursue an action, thereby satisfying the requirements of D.C. Code §16-2802.

4. Plaintiff, Shilisa Rhodes is of full age, a citizen of the United States and a resident of the District of Columbia.

5. Unity Health Care, Inc., is a domestic corporation duly incorporated under the laws of the District of Columbia, providing medical and health care services to the public. Unity Health Care, Inc. owns and operates health care facilities in the Washington, D.C. area, including Congress Heights Health Center, 3720 Martin Luther King, Jr. Avenue, S.E., Washington, D.C. and, through its agents, apparent agents, employees, servants, representatives, independent contractors and/or residents, provided care to the Plaintiff during the time frames complained of herein, and owed the Plaintiff the duty to conform its conduct to the prevailing standards of care.

6. At all times herein mentioned, Congress Heights Health Center was a grantee of the Department of Health and Human Services and deemed an employee of the Public Health Service eligible for Federal Tort Claims Act malpractice coverage pursuant to 42 U.S.C. §233(g).

7. At all times relevant herein, Jamie Hill-Daniel, M.D., represented herself as a health care provider practicing in the District of Columbia who represented to the Plaintiff and the general public that she possessed that degree of skill, knowledge, and ability possessed by a reasonably competent medical practitioner practicing under the same or similar circumstances as those involving the care of the Plaintiff Shilisa Rhodes. As such, Jamie Hill-Daniel, M.D., owed to the Plaintiff a duty to conform her conduct to the prevailing standards of care.

8. At all times pertinent herein, Unity Health Care, Inc., and Jamie Hill-Daniel, M.D., provided health care services to Plaintiff as an agent, servant and/or employee of the United States of America. As such, Defendant United States of America owed to the Plaintiff a duty to conform its conduct to prevailing standards of care, by itself, and through its agents, servants and/or employees. Defendant United States of America is liable for the actions of its agents, servants and/or employees, including United Health Care, Inc., and Jamie Hill-Daniel, M.D.

9. Defendant United States, by itself and through its agents, servants and/or employees, including United Health Care, Inc., and Jamie Hill-Daniel, M.D., employ, own, control, operate and/or contact with health care facilities in the Washington, D.C.

area, which provided care to the Plaintiff during the time frames complained of herein, and owed the Plaintiff the duty to conform its conduct to the prevailing standards of care. At all times of which the plaintiff complains, Defendant represented to the Plaintiff and the general public that it possessed the degree of knowledge, ability, and skill possessed by reasonably competent medical practitioners, practicing under the same or similar circumstances as those involving the Plaintiff.

10. Plaintiff alleges that the Defendant, including its agents, servants, and/or employees, owed to the Plaintiff a duty to exercise that degree of skill, judgement and care expected of a reasonably competent medical practitioner practicing under the same or similar circumstances, which duty included the timely performance of appropriate diagnostic tests and procedures to determine the Plaintiff's condition; timely and appropriate diagnosis of such condition; the timely employment of and/or referral for appropriate treatment, procedures, and/or surgery to correct such condition without injury upon the Plaintiff; continuous evaluation of the Plaintiff's condition and the effects of treatment and the adjustment of the course of treatment in response to such on-going surveillance and evaluation -- all of which the Defendant failed to do.

11. The Defendant was negligent in that, by itself and through its agents, servants and/or employees, including Unity Health Care, Inc. and Jamie Hill-Daniel, M.D., it failed to employ timely and appropriate diagnostic tests and procedures to evaluate and diagnose the Plaintiff's breast cancer; failed to employ timely and appropriate treatment, procedures and/or surgery to correct such condition; failed to

4

otherwise negligent. As a result of the negligence of the Defendant, including its agents, servants, and/or employees, the Plaintiff, Shilisa Rhodes suffered irreparable harm, as her breast cancer was allowed to progress from a curable to a non-curable disease.

12. Plaintiff alleges that at all times pertinent herein, all health care providers who cared for her at Unity Health Care, Congress Heights Health Center, 3720 Martin Luther King, Jr. Avenue, S.E., Washington, D.C., including Unity Health Care, Inc. and Jamie Hill-Daniel, M.D., were acting as employees, servants, and/or agents (actual or apparent) of Defendant United States of America. At all times pertinent herein, said health care providers acted within the scope of said employment and/or agency relationship with Defendant United States of America.

13. On 12/9/09, plaintiff Shilisa Rhodes was seen by Jamie Hill-Daniel, M.D., a family practitioner at Congress Heights Health Center. Ms. Rhodes advised Dr. Hill-Daniel of complaints of lumpy, sore breasts and a knot in her left breast. Appropriate examination at that time would have revealed a suspicious mass in Ms. Rhodes' left breast requiring diagnostic testing to rule in or out breast cancer. Ms. Rhodes' treating physician, Dr. Hill-Daniel, failed to detect the suspicious mass, failed to refer Ms. Rhodes for diagnostic imaging and failed to schedule follow-up evaluation of her in light of these complaints. Instead, Dr. Hill-Daniel reassured Ms. Rhodes of the "benign" nature of her complaints and recommended that she change her bra.

14. On October 18, 2010, Ms. Rhodes was again seen by Dr. Hill-Daniel. Ms.

5

Rhodes complained of bumps in her left breast which were getting larger. A mammogram was recommended by another physician, but Dr. Hill-Daniel opted instead to refer Ms. Rhodes for a sonogram on a non-urgent basis, telling her she was too young to get a mammogram.

15. On December 14, 2010, Ms. Rhodes had a left breast ultrasound. The ultrasound revealed a solid mass measuring 1.9 x 1.5 x 1.1 cm. An immediate mammogram was recommended by the physician(s) interpreting the sonogram. A referral from Dr. Hill-Daniel to authorize the test for that same day was requested, but was not provided.

16. Ms. Rhodes persisted in requesting the mammogram referral and, after some time, was provided one. Upon receipt of the referral, she requested an appointment for the mammogram, which was promptly scheduled. The mammogram took place on February 9, 2011. Its results were "highly suggestive for malignancy." A biopsy performed on March 8, 2011 confirmed the diagnosis of breast cancer. Further work-up revealed that the cancer had spread to Ms. Rhodes' back, hip and shoulder and that she had Stage 4 disease. Her cancer is not curable.

17. Ms. Rhodes is 26 years old and is the mother of two children, ages five and seven.

18. The United States, by and through its agents and/or employees, breached the standard of care by, *inter alia*, negligently and carelessly:

    a.    failing to timely diagnose and treat Ms. Rhodes' breast cancer;

b. failing to timely and appropriately order and obtain diagnostic studies in light of Ms. Rhodes' history, complaints, signs and symptoms;

c. failing to appreciate the seriousness of Ms. Rhodes' condition;

d. failing to provide appropriate and timely follow-up care;

e. failing to timely and appropriately examine plaintiff;

f. failing to timely and appropriately obtain, interpret and act upon Ms. Rhodes' medical history and physical findings;

g. failing to timely and appropriately assess Shilisa Rhodes' condition;

h. failing to timely and appropriately obtain consultations and/or interventions from other health care providers;

i. failing to make timely and appropriate referrals for diagnostic testing, care and treatment;

j. failing to take timely and appropriate steps to protect the health and well-being of Ms. Rhodes;

k. The United States, by and through its agents and/or employees, was otherwise negligent.

19. As a direct and proximate result of the aforesaid negligence of the Defendant, plaintiff sustained serious and disabling damage to her body and nervous system, including but not limited to chemotherapy and radiation therapy. Ms. Rhodes has lost the ability to live disease free, her chances of survival have been substantially diminished, and her life expectancy has been significantly shortened. She has incurred

and will in the future incur medical and surgical treatment and medical, hospital and other related expenses which she would not have otherwise needed. She has suffered and will in the future suffer pain, suffering, disability, mental anguish, distress, anxiety, fear of impending death, fear for her children, and the loss of her ability to enjoy life, and other related injuries and damages, all of which are permanent. She has suffered and will in the future suffer loss of earnings and impairment of earning capacity.

WHEREFORE, plaintiff Shilisa Rhodes demands judgment against defendant United States of America, in the full sum of Ten Million ($10,000,000.00) Dollars, plus costs and interest.

_____
JACK H. OLENDER #9563

_____
SANDRA H. ROBINSON #386469

_____
MELISSA RHEA #367196

_____
KAREN E. EVANS #426067
Jack H. Olender & Associates, P.C.
888 17th Street, N.W., 4th Floor
Washington, D.C. 20006
Attorneys for Plaintiff